UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOMAS HERNANDEZ SANTOS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:11CV2169 CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Tomas Hernandez Santos to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

On April 17, 1984, movant pled guilty to one count of aiding and assisting in the attempt of an escape of a federal prisoner and one count of conspiring to help federal prisoners escape.  See United States v. Santos, Case No. 4:83CR128 (E.D. Mo.).  On September 7, 1984, the Court sentenced movant to concurrent terms of five years' imprisonment.  The Court ordered that movant's sentences run consecutively to a sentence imposed in 1982 and to "all other sentences" he was then serving.  The movant did not appeal judgment.

In 2005, movant filed a petition titled "Habeas Corpus – In Character of Reconsideration of Sentence."  The Court denied the petition, finding that it lacked jurisdiction to reconsider movant's sentence.  The Court also found that the petition

would have to be dismissed as time-barred, even if it were construed as a § 2255 motion. The petition was dismissed.

Movant is incarcerated in the Commonwealth of Puerto Rico. It appears from the motion that movant is currently serving a prison term that was imposed before he was sentenced by this Court.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

Under 28 U.S.C. § 2255, a prisoner has one year from the finality of his sentence to file a § 2255 motion. However, the one-year period of limitations for filing habeas petitions did not exist when movant was convicted; the limitations period was established by the AEDPA which was enacted on April 24, 1996. In addressing this issue, the United States Court of Appeals for the Eighth Circuit has "held that time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation. Prisoners whose judgments of

conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled." Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000).

Movant filed the instant motion on December 12, 2011, and it appears that the one-year period of limitations elapsed more than fourteen years earlier. Nevertheless, the movant will be given the opportunity to present reasons why his motion should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall have until **January 30, 2012**, to show cause in writing why his motion to vacate, set aside or correct sentence should not be dismissed as time-barred.

Dated this 28th day of December, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE