UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOMAS HERNANDEZ SANTOS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:11CV2169 CEJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court on the motion of Tomas Hernandez Santos to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Previously, the Court ordered movant to show cause why the petition should not be dismissed as time-barred.  The initial deadline for movant's reply was January 30, 2012.  At movant's request, the deadline was extended to April 1, 2012.  Nevertheless, movant has failed to reply.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.  A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations.  Day v. McDonough, 547 U.S. 198, 210 (2006).

Under 28 U.S.C. § 2255, a prisoner has one year from the finality of his sentence to file a § 2255 motion.  The one-year period of limitations was established with the enactment of the AEDPA on April 24, 1996.  In a case involving a conviction that predates the AEDPA, the United States Court of Appeals for the Eighth Circuit has "held that time before the effective date of AEDPA, April 24, 1996, is not counted in

computing the one-year period of limitation.  Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled." <u>Peterson v. Gammon</u>, 200 F.3d 1202, 1204 (8th Cir. 2000).

Because movant's conviction predates the AEDPA, he had until April 24, 1997 to file a motion to vacate.  However, he did not file the instant motion until December 12, 2011, and he has not presented any reason for tolling the limitations period. Therefore, the motion is untimely and will be dismissed.

Dated this 9th day of April, 2012.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE